# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
# STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUL 2 8 2016

RICK WARREN
COURT CLERK
36_____

(1) LOREZ R. BRIGGS, as Next of Kin, for the Estate of Lorez R. Chambers, deceased.

(2) MICHAEL R. BRIGGS, as Next of Kin, for the Estate of Lorez. R. Chambers, deceased.

          Plaintiffs,

vs.

(3) OKLAHOMA COUNTY JAIL, ex. rel. OKLAHOMA COUNTY – BOARD OF COMMISSIONERS, Oklahoma County, State of Oklahoma

          Defendant.

Case No. CJ-2016-3800

Attorney Lien Claimed
Jury Trial Demanded

## PETITION

COMES NOW Plaintiffs Lorez R. Briggs and Michael R. Briggs, (hereinafter referred to as "PLAINTIFFS"), Next of Kin for the Estate of Lorez R. Chambers, (hereinafter referred to as "DECEDENT"), by and through counsel Rand C. Eddy, and for their cause of action against the Oklahoma County Jail and ex. rel. the Oklahoma County Board of Commissioners, (hereinafter referred to as "DEFENDANT"), state as follows:

1. This is an excessive force action seeking remedy for the estate of Lorez R. Chambers, a victim of homicide as result of excessive force used by Oklahoma County

Jail Detention Officers, acting within the scope of their employment, while in the Custody of the Oklahoma County Jail pursuant to Okla. Const. Art. 2, § 9, Okla. Const. Art. 2, § 30, and 42 U.S.C. § 1983.

2. The acts of Defendant and the facts giving rise to Plaintiff's claim occurred in Oklahoma County, Oklahoma giving this Court jurisdiction over the parties with venue being proper in Oklahoma County.

## FACTUAL STATEMENT

3. An Oklahoma City Police Officer arrested Decedent and brought him to the Oklahoma County Jail on the morning of June 9th, 2016 at approximately 7:00 A.M.

4. Despite the fact that the Police Officer's report states Decedent was refused by the Jail, Decedent was handcuffed after search and taken into custody at the Jail by Detention Officers.

5. Decedent was unable to undergo medical evaluation due to handcuffs.

6. Decedent complained of pain resulting from handcuffs.

7. The left side of Decedent's face was slammed into a window in or near the booking area by 4 Detention Officers in response to cries of pain.

8. Decedent's head began to bleed.

9. A member of the Jail's medical staff noticed and became concerned with a knot on Decedent's head.

10. Decedent was placed on the floor with Detention Officers on top of his body, in front of medical personnel, within the purview of closed-circuit security cameras.

11. Decedent was then moved without the aid of any transport instrument to the entry search area – an area without camera surveillance.

12. Decedent was restrained face down on the floor by approximately 15 Detention Officers on top of his body and with at least one Detention Officer's knee on his head for a considerable amount of time.

13. The Oklahoma City Fire Department arrived to provide medical assistance yet administered no aid to the Decedent, due to obstruction by Detention Officers, within the 20 or so minute time span of their arrival and departure.

14. The Oklahoma City Police Department arrived shortly thereafter.

15. The Oklahoma City Police Department removed Decedent, with handcuffs and ankle cuffs, without the aid of any transport instrument or emergency medical personnel, from the search area near the entry and bay of the jail.

16. After 2 hours at the jail, Decedent was placed in the back of a police vehicle by Oklahoma City Police Officers and transported to the Southwest Regional Medical Center in the police vehicle.

17. On June 19th, 2016, Decedent passed away from his wounds – blunt force trauma to his head – after spending ten days in a coma at Southwest Regional Medical Center.

## PLAINTIFFS' FIRST CAUSE OF ACTION
### *Bosh* Claim and Excessive Force
### OK Const. Art. 2, § 30

18. Plaintiff incorporates paragraphs above.

19. Plaintiffs bring an action for excessive force against the Defendant, resulting in the death of the Decedent.

20. In *Bosh v. Cherokee Building Authority*, 2013 OK 9, 305 P.3d 994, the Court held that a private cause of action may exist for inmates to recover for excessive force under the provisions of the Okla. Const. Art. 2 § 9 & 30.

21. The excessive force used Defendant is a clear violation of the Decedent's protections, as a pretrial detainee, under the Okla. Const. Art. 2 § 9 & 30.

22. A direct causal connection exists between the blunt force trauma head injuries the Decedent sustained at the Jail and the Defendant's actions.

23. As a direct proximate result of the of the Defendant's actions, Decedent suffered actual physical injuries, including death, mental and physical pain and suffering, and Plaintiffs have suffered the loss of companionship and consortium of Decedent.

## PLAINTIFFS' SECOND CAUSE OF ACTION
### Excessive Force
### 42 U.S.C. § 1983

24. Plaintiffs' incorporate paragraphs (1-23)

25. Plaintiffs bring an action against Defendant following assault by Detention Officers while Decedent was waiting to be booked into jail pursuant to 42 U.S.C. § 1983.

26. A long-term custom and practice of overcrowding the Oklahoma County Jail facility has directly caused and perpetuated the occurrences of guard-on-inmate violence.

27. A long-term custom and practice of inadequately training Detention Officers has directly caused and perpetuated incidents of guard-on-inmate violence.

28. Detention Officers' actions against Decedent were the direct result of the practices and customs of the Defendant Jail.

29. The unnecessary, unlawful, and excessive force on Decedent by the Detention Officers constituted an unreasonable seizure of Plaintiff in violation of the Fourth and Fourteenth Amendment to the United States Constitution.

30. A direct causal connection exists between the Defendant's unconstitutional practices and customs, the injuries sustained at the Jail, and the wrongful death of the Decedent.

31. Decedent did not act or behave in a manner that would justify the use of lethal force.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiffs respectfully pray this Court award the following:

(A) Injunctive relief, declaring the practices and customs of the over-crowded conditions of the Oklahoma County Jail and of guard-on-inmate violence, thereof, to be unconstitutional.

(B) Award Plaintiffs compensatory damages, including but not limited to physical, emotional pain and suffering damages in an amount in excess of $75,000.00

(C) Award Plaintiffs punitive damages in an amount in excess of $75,000.00

(D) Award Plaintiffs cost of these actions, including but not limited to pre and post-judgment interest.

(E) Award Plaintiffs attorneys fees.

(F) Compensate Plaintiffs for loss of consortium by Decedent.

(G) Grant such other relief as the Court may deem just and proper.

Respectfully,

*[signature: Rand C. Eddy]*

Rand C. Eddy, OBA #11822
MULINIX EDWARDS ROSELL & GOERKE, PLLC
210 Park Avenue, Suite 3030
Oklahoma City, OK 73102
(405) 232.3800 - Telephone
(405) 232.8999 - Fax
rand@lawokc.com

Attorney for Plaintiffs